# Hall v. Hall

*Samuel J. Orr,* for plaintiff.
*Dennis M. DiMartini,* for defendant.

KUNSELMAN, *J.,* April 29, 1985—In this divorce action, defendant has requested the court to enter an order permitting her to undertake discovery of the financial net worth of plaintiff's mother as well as the past, present and prospective beneficiaries of her bounty. In her motion, defendant alleged that plaintiff's mother owns substantial assets and that plaintiff will receive a substantial portion of those assets by way of gift or inheritance. When the motion was presented to the court, counsel for defendant stated that a substantial portion of the mother's assets consists of real estate holdings in Beaver County. Of course, counsel for plaintiff opposed the motion and represented to the court that he also represented plaintiff's mother.

In support of her request defendant has provided the court with a copy of an unreported opinion in the case of Moritz v. Moritz, no. FD82-07811 (July 12, 1984, Allegheny County, Strassburger, J.). In this case, the husband had secured an order allow-

ing discovery. He then had a subpoena which contained a broad duces tecum clause issued and served upon the wife's mother seeking to inquire about the wife's projected inheritance.

Judge Strassburger concluded that the wife's expectancy (her hoped-for inheritance from her mother) is a relevant factor to be considered both with regard to alimony and equitable distribution under the Divorce Code. We do not quarrel with this conclusion. He also concluded that the objection that a nonparty should not be subjected to an invasion of privacy by being forced to reveal personal financial information was not valid under the discovery rules. We really do not quarrel with this conclusion either. This is because Pa.R.C.P. 4001(c) allows the deposition of any person for the purposes of discovery and Pa.R.C.P. 4003.1 allows discovery of ". . . any matter, not privileged, which is relevant to the subject matter . . . ."

However, we do not agree with Judge Strassburger that the deposition *must* be permitted. Pa.R.C.P. 1920.22 limits discovery, as of right, to interrogatories addressed to the other party. All other discovery is prohibited unless authorized by special order of court. Thus, it is clear that the court must exercise its discretion in passing upon such a request.

In exercising our discretion, we recognize that in the vast majority of divorce actions such discovery is unnecessary and therefore should only be allowed where it is essential to the just disposition of a contested claim. See Goodrich-Amram 2d, §4001(a):3.

In this case, we conclude that discovery from plaintiff's mother of her financial net worth is not essential to the just disposition of the economic

claims. Since a substantial portion of her assets consists of real estate holdings, a search of the public records will easily disclose the extent of such holdings together with their value, at least as determined by the assessment office, and the existence of any liens. Likewise, defendant can easily secure from plaintiff the existence of other family members or friends who are likely to be objects of his mother's bounty.

Therefore, we will deny defendant's request for discovery.

## ORDER

And now, this April 29, 1985, defendant's motion for an order permitting discovery is denied.